

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Marvin Hall, Commissioner
Board of Insurance Commissioners
Austin, Texas                    O-1396

Dear Sir:        Attention of Mr. J. Blake Timmons

Opinion No. O-1396
Re: What constitutes a surplus in the
Fire Insurance Division Fund?

Your request for an opinion on the above stated question has been received by this department.

Your letter reads in part as follows:

"On September 1, 1939, the Fire Insurance Division of the Treasury showed a net cash balance of $99,910.75. Under the terms of the General Appropriation Bill, the maximum expenditures for the period September 1 to December 31, 1939 is $50,210.00. This leaves a balance of $49,700.75 in the Fire Insurance Division Fund now available after all the expenditures for the remainder of the budgetary year, which ends on December 31, 1939, have been paid.

"Would not this balance constitute a 'surplus' within the meaning of that term in Limitation of Payments clause of Senate Bill 427, the General Departmental Appropriation Act of the 46th Legislature, and therefore be subject to the jurisdiction of the Limitation of Payments Board, therein created?"

Article 4902, Revised Civil Statutes, as amended, reads as follows:

"The State of Texas shall assess and collect an additional one and one-fourth per cent of the gross fire and/or lightning, and/or tornado, and/or windstorm, and/or hail insurance premiums of all companies doing the business

Hon. Marvin Hall, Page 2

of fire or lightning or tornado or wind storm or hail insurance in this State according to the reports made to the Board of Insurance Commissioners as required by law; and said taxes when collected shall be placed with the State Treasurer in a separate fund which shall be known as the Fire Insurance Division Fund, which Fund shall be kept separate and apart from other funds and moneys in his hands; and said special Fund or so much thereof as may be necessary shall be held and expended for the purpose of carrying out the provisions of this Chapter; and should there be an unexpended balance at the end of any year, said balance shall remain in said Fund and the Board of Insurance Commissioners shall reduce the assessment for the succeeding year so that the amount produced and paid into the State Treasury, together with said unexpended balance in said Fund in the Treasury, will be sufficient to pay all expenses for the current year, and not exceed the amount necessary to pay all necessary expenses of maintaining the Fire Insurance Division of said Board, so that no deficit shall occur in said Fund, which funds shall be paid out upon requisition made out and filed by a majority of the Commission, when the Comptroller shall issue warrants therefor. The taxes levied and assessed by this Section shall be independent of and in addition to all other taxes now imposed, or which may hereafter be imposed by law, against any company, mentioned herein."

Article 4927, Revised Civil Statutes, reads as follows:

"The president or vice-president and secretary of each fire, marine or inland insurance company doing business in this State, annually, on the first day of each year, or within sixty days thereafter, shall prepare under oath and deposit with the Commissioner a full, true, and complete statement of the condition of such company on the last day of the month of December preceding."

Paragraph 4, page 34, of Senate Bill No. 427, Acts of the 46th Legislature, reads as follows:

"Provided that the foregoing appropriations for the Fire Division shall be paid out of revenues obtained from tax on gross premiums of insurance companies in accordance with the existing laws, except the foregoing appropriations for fire escape inspectors and their expenses, which shall be paid out of the General Revenue Fund.

"For the purpose of re-printing the Texas General Basis Schedules of fire and windstorm insurance rates as provided in Article 4882 of the Revised Civil Statutes, and other matters incident thereto, there is hereby appropriated for the fiscal years ending August 31, 1940 and August 31, 1941, so much of the assessments collected under Article 4902, and any balances remaining in the Fire Insurance Division Fund at the end of any fiscal year, or so much thereof as may be necessary, for carrying out the laws of this State with regard to these schedules."

Regarding limitation of payments, Senate Bill 427, supra, page 147, provides:

"Except as otherwise provided, whenever, by virtue of the provisions of this Act, items are to be paid out of fees, receipts, special funds or out of other funds available for use by a department, it is the intention of the Legislature to limit expenditures out of said fees, receipts, special funds or other available funds to the purposes and in the amounts itemized herein, and it is so provided. If, however, the amount of the fees, receipts, special or other available funds herein referred to are more than sufficient to pay the items herein designated to be paid therefrom, the department to which the said fees, receipts, special funds or other available funds are appropriated may, if necessary to adequately perform the functions of said department, use any portion of said surplus fees, receipts, special funds or other available funds; provided

Hon. Marvin Hall, Page 4

however, that before doing so the head of
such department shall, under oath, make
application, jointly, to the Governor,
the Attorney General and the State Treasurer
setting forth in detail the necessity for
using such surplus fees, receipts, special
funds or other available funds and itemiz-
ing the purposes for which the same are to
be used. Unless the application is approved
by at least two of the three persons afore-
mentioned, the surplus fees, receipts, spe-
cial funds or other available funds shall
not be expended. Any item set out in the
application can be deleted by decision of a
majority of the three persons aforementioned.
All applications which are approved or denied
must be signed by those voting to approve
or deny same. Said applications, after
approval or rejection, shall be filed with
and retained by the State Auditor for a
period of six months after the expiration
of the biennium ending August 31, 1941, and
shall remain open to public inspection during
said period. All surplus fees, receipts,
special funds, or other available funds on
hand at the end of each year of the biennium
shall revert to the General Revenue Fund of
this State unless otherwise prohibited by
law, or unless otherwise provided herein.
No salary paid additional employees shall
exceed the amount herein appropriated for simi-
law positions. All disbursements shall be
made on warrants issued by the Comptroller
on the State Treasury."

Article 12, Revised Civil Statutes, reads as
follows:

"The fiscal year of the State shall
terminate on the thirty-first day of August
of each year, and appropriations of the State
government shall conform thereto. All offi-
cers who are required by law to report annually
or biennially to the Legislature or Governor
shall close their accounts on that date, and

Hon. Marvin Hall, Page 5


as soon thereafter as practicable shall pre-
pare and compile their respective reports."

By virtue of the above quoted statute, all
appropriation of the State Government must conform to
the fiscal year therein designated and not to the budget
year of any State department.

Article 4902, supra, specifically provides
that:

".....said special Fund or so much thereof
as may be necessary shall be held and expended
for the purpose of carrying out the provisions
of this Chapter; and should there be an unex-
pended balance at the end of any year, said
balance shall remain in said Fund and the Board
of Insurance Commissioners shall reduce the
assessment for the succeeding year so that the
amount produced and paid into the State Treasury,
together with said unexpended balance in said
Fund in the Treasury, will be sufficient to pay
all expenses for the current year, and not ex-
ceed the amount necessary to pay all necessary
expenses of maintaining the Fire Insurance Divi-
sion of said Board, so that no deficit shall
occur in said Fund, which funds shall be paid
out upon requisition made out and filed by a
majority of the Commission, when the Comptroller
shall issue warrant therefor...."

The Legislature recognizes the distinction be-
tween the year for collecting funds by the various state
departments which is usually the calendar year and the
year for expenditure of such funds which is the fiscal
year. Surplus funds within the meaning of that term as
used in the Limitations of Payments clause of Senate Bill
No. 427, Acts of the 46th Legislature, only refer to sur-
pluses with respect to items appropriated for expenditure
by the department for the fiscal year.

Therefore, you are respectfully advised that it
is the opinion of this department that it is only in the
event that there may be in the special fund an amount of

money more than is sufficient to pay the items appro-
priated for the department for the fiscal year that
there exists a surplus subject to the jurisdiction of
the Limitations of Payment Board.

Trusting that the foregoing fully answers your
inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED SEP 29, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN